FILED
AUG - 7 2000
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

RECEIVED
2000 JUL 25 A 8:43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO. 00-D-82-N |
| PEPSI COLA BOTTLING CO. OF LUVERNE, ALABAMA, | ) ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

On January 26, 2000, the Equal Employment Opportunity Commission ("EEOC") filed suit in this Court against Pepsi Cola Bottling Co. of Luverne, Alabama ("Pepsi" or the "Defendant"). The EEOC's Complaint alleged that Pepsi had discriminated against the Charging Party by subjecting him to a discharge because of his perceived disability in violation of 42 U.S.C. § 12101 et seq. and by asking him illegal medical questions.

Pepsi denies that it violated the Americans with Disabilities Act or any other Federal Employment Laws or regulations.

The Plaintiff and the Defendant, being desirous of resolving this action by a Consent Decree, agree that this Court has full jurisdiction of deciding all matters at issue between the EEOC and Pepsi.

The Court being fully advised of the premises doth Order, Adjudge and Decree as follows:

### I. GENERAL PROVISIONS

A. This Decree, being entered into with the consent of the EEOC and the Defendant, Pepsi, shall not constitute an adjudication or finding on the merits of the case, and shall in no manner be construed as an admission by Pepsi of any violation of any violation of the Americans With Disabilities Act or other applicable federal law.

B. This Decree is binding upon the EEOC and upon Pepsi as to the issues resolved, as well as upon their successors and assigns and persons in privity. The issues resolved by this Decree are those which were alleged in the Charge of Discrimination numbered 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 and asserted in the Complaint in the above-styled cause.

EOD 8-7-00

## II. SPECIFIC PROVISIONS

A.   Pepsi will immediately post the Notice attached hereto as Exhibit A in a prominent and conspicuous place, visible to all employees, at its Luverne, Alabama, facility for a period of two years.

B.   Pepsi will pay Troy Harrell the gross sum of $25,000 of which $825 is back wages and $24,175 is compensatory damages, as monetary settlement of this lawsuit and EEOC Charge #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. The checks are to be made payable to Troy Harrell and sent to his home address by certified mail within 11 days of the signing of this Decree. A copy of each check and the certified mail receipt evidencing payment will be mailed to Pamela K. Agee, Senior Trial Attorney, EEOC Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama, 35205, no later than thirty days after the signing of this Decree. The Charging Party shall sign a Release releasing any and all claims asserted in EEOC Charge Number 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 and this lawsuit.

C.   The Charging Party will execute a release prior to receiving the compensation referred to in paragraph B above. A copy of that Release is attached hereto as Exhibit B.

D.   The Defendant shall not retaliate in any manner against the Charging Party or any person who participated in this lawsuit or in the investigation of EEOC Charge of Discrimination Number 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.

E.   The Defendant will not provide a negative reference for the Charging Party in response to any inquiries regarding the Charging Party's employment with the Defendant. This provision survives the expiration of this Decree. Specifically, no mention will be made as to the Charging Party's back injury, his Charge of Discrimination, or this lawsuit.

F.   The Defendant will remove any termination report or other document that may infer a negative employment history for the Charging Party. The Charging Party will not be considered as having been discharged when he is questioned concerning previous employment on employment applications, credit applications and the like.

G.   The Defendant will remove all medical inquiries from its application.

H.   The Defendant will not ask any pre-offer medical questions of any applicant.

I.   Within three months of signing this Decree, the Defendant will develop an anti-discrimination policy and a procedure for lodging any complaints related to discrimination, which it will distribute to all present employees. At least four weeks prior to the distribution of the policy and procedure, Pepsi will supply the EEOC with a copy of the same for comment. This copy shall be mailed to Pamela K. Agee, Senior Trial Attorney, EEOC Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama, 35205. The Defendant will have

a training session with all present employees in which it will explain the policy and procedure. In the future, all new employees will be provided with a copy of the policy and procedure.

J. Within three months of the signing of this Decree, and at least once a year thereafter, Pepsi will provide training to its management employees on Federal Employment Laws in the form of at least one four-hour seminar by instructors of its choice who are competent to do so. At least two weeks prior to the first two training sessions, Pepsi will supply the EEOC an outline of program of the training to be conducted. During at least one hour of the seminar, the Americans with Disabilities Act will be discussed. The employees who attend the training sessions will be required to sign an attendance roster. The Defendant agrees that copies of said roster and the outline or program of the training course shall be mailed to Pamela K. Agee, Senior Trial Attorney, EEOC Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama, 35205.

K. The Defendant specifically agrees that it will comply with both the letter and spirit of the Commission's regulations pertaining to the confidentiality of employee medical records found at Section 1630.14(c)(1), 29 C.F.R. § 1630.14 et seq.

L. Each party shall bear its own costs and attorney fees.

If the terms and conditions of this Decree are violated or breached, the parties may petition the Court for further Orders, adjudication and relief in this matter.

**DONE AND ORDERED** this the 7th day of August, 2000.

_____
HONORABLE IRA DE MENT
UNITED STATES DISTRICT COURT JUDGE

**By Consent:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

C. Gregory Stewart, General Counsel
Gwendolyn Young Reams, Associate General Counsel
Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, D.C. 30507

_____
Jill L. Vincent
Regional Attorney (Acting)

_[signature]_
**Pamela K. Agee**
Senior Trial Attorney

EEOC Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, Alabama, 35205
Telephone: 205/731-1299


FOR PEPSI COLA BOTTLING CO. OF LUVERNE, ALABAMA

_[signature]_
**James E. Williams**
Melton, Espy, Williams & Hayes, P.C.
Post Office Drawer 5130
Montgomery, AL 36103-5130
Telephone: 334/263-6621

# Equal Employment Opportunity is THE LAW

RECEIVED 2000 JUL 25 A 8:43 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

## Employers Holding Federal Contracts or Subcontracts

Applicants to and employees of companies with a Federal government contract or subcontract are protected under the following Federal authorities:

**RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN**
Executive Order 11246, as amended, prohibits job discrimination on the basis of race, color, religion, sex or national origin, and requires affirmative action to ensure equality of opportunity in all aspects of employment.

**INDIVIDUALS WITH DISABILITIES**
Section 503 of the Rehabilitation Act of 1973, as amended, prohibits job discrimination because of a disability and requires affirmative action to employ and advance in employment qualified individuals with disabilities who, with reasonable accommodation, can perform the essential functions of a job.

**VIETNAM ERA AND SPECIAL DISABLED VETERANS**
38 U.S.C. 4212 of the Vietnam Era Veterans Readjustment Assistance Act of 1974 prohibits job discrimination and requires affirmative action to employ and advance in employment qualified Vietnam era veterans and qualified special disabled veterans.

Any person who believes a contractor has violated its nondiscrimination or affirmative action obligations under the authorities above should contact immediately:
The Office of Federal Contract Compliance Programs (OFCCP), Employment Standards Administration, U.S. Department of Labor (DOL), 200 Constitution Avenue, N.W., Washington, D.C. 20210 or call (202) 219-9368 (DOL's toll-free TDD number for individuals with hearing impairments is (800) 326-2577), or an OFCCP regional or district office, listed in most telephone directories under U.S. Government, Department of Labor.

## Private Employment, State and Local Governments, Educational Institutions

Applicants to and employees of most private employers, state and local governments, educational institutions, employment agencies and labor organizations are protected under the following Federal laws:

**RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN**
Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspects of employment, on the basis of race, color, religion, sex or national origin.

**DISABILITY**
The Americans with Disabilities Act of 1990, as amended, protects qualified applicants and employees with disabilities from discrimination in hiring, promotion, discharge, pay, job training, fringe benefits, classification, referral, and other aspects of employment on the basis of disability. The law also requires that covered entities provide qualified applicants and employees with disabilities with reasonable accommodations that do not impose undue hardship.

**AGE**
The Age Discrimination in Employment Act of 1967, as amended, protects applicants and employees 40 years of age or older from discrimination on the basis of age in hiring, promotion, discharge, compensation, terms, conditions or privileges of employment.

**SEX (WAGES)**
In addition to sex discrimination prohibited by Title VII of the Civil Rights Act (see above), the Equal Pay Act of 1963, as amended, prohibits sex discrimination in payment of wages to women and men performing substantially equal work in the same establishment.

Retaliation against a person who files a charge of discrimination, participates in an investigation, or opposes an unlawful employment practice is prohibited by all of these Federal laws.

If you believe that you have been discriminated against under any of the above laws, you immediately should contact:
The U.S. Equal Employment Opportunity Commission (EEOC), 1801 L Street, N.W., Washington, D.C. 20507 or an EEOC field office by calling toll free (800) 669-4000. For individuals with hearing impairments, EEOC's toll free TDD number is (800) 800-3302.

## Programs or Activities Receiving Federal Financial Assistance

**RACE, COLOR, NATIONAL ORIGIN, SEX**
In addition to the protection of Title VII of the Civil Rights Act of 1964, Title VI of the Civil Rights Act prohibits discrimination on the basis of race, color or national origin in programs or activities receiving Federal financial assistance. Employment discrimination is covered by Title VI if the primary objective of the financial assistance is provision of employment, or where employment discrimination causes or may cause discrimination in providing services under such programs. Title IX of the Education Amendments of 1972 prohibits employment discrimination on the basis of sex in educational programs or activities which receive Federal assistance.

**INDIVIDUALS WITH DISABILITIES**
Section 504 of the Rehabilitation Act of 1973, as amended, prohibits employment discrimination on the basis of a disability in any program or activity which receives Federal financial assistance. Discrimination is prohibited in all aspects of employment against persons with disabilities who, with reasonable accommodation, can perform the essential functions of a job.

If you believe you have been discriminated against in a program of any institution which receives Federal assistance, you should contact immediately the Federal agency providing such assistance.



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PEPSI COLA BOTTLING CO. )<br>OF LUVERNE, ALABAMA, )<br>)<br>Defendant. ) | CASE NO. 00-D-82-N |

## **RELEASE OF ALL CLAIMS**

I, Troy W. Harrell, for and in consideration of the payment to me of Twenty-Five Thousand and No/100 Dollars ($25,000), do hereby agree as follows:

I, Troy W. Harrell, do hereby release and forever discharge Pepsi Cola Bottling Co. of Luverne, AL, its employees, agents, directors, officers, successors, associates and affiliates and each of them, from any and all Americans With Disabilities Act Claims asserted in Civil Action # CV-00-D-82-N and EEOC Charge Number 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.

I understand that Pepsi Cola Bottling Co. of Luverne, AL, has not admitted liability to me or to anyone else by the payment recited herein.

This document, and the Consent Decree filed in this lawsuit recite the full and complete terms of this agreed Release given by myself to Pepsi Cola Bottling Co. of Luverne, AL.

 

_____
TROY W. HARRELL

Sworn to and Subscribed before me
on this the ____ day of _____, 2000.

_____
Notary Public
My Commission Expires:_____



## CIVIL APPEALS CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:
   *Appeals from Final Orders Pursuant to 28 U.S.C. § 1291:* Only final judgments for orders of district courts (or final orders of bankruptcy courts which have been affirmed by a district court under 28 U.S.C. §158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. Compare Fed.R.App.P. 5.1, 28 U.S.C. §636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983), cert. denied 464 U.S. 893(1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. Buchanan v. Stanships, Inc., 495 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289(1988); Budinich v. Becton, 485 U.S. 196, 108 S.Ct.1717, 100 L.Ed 2d 178 (1988)

   *Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5:* The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

   *Appeals Pursuant to 28 U.S.C. § 1292(a):* Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and "[i]nterlocutory decrees... determining the rights and liabilities of parties to admiralty cases..." This statute does not permit appeals from temporary restraining orders.

   *Appeals pursuant to Judicially Created Exceptions to the Finality Rule:* These limited exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed 2d 199 (1964); Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); Gulfstream Aerospace Corp. V. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988).

2. **Time for Filing:** To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

   *FRAP 4(a)(1):* The notice of appeal required by FRAP 3 "must be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry..." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

   *FRAP 4(a)(3):* "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

   *FRAP 4(a)(4):* If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in FRAP 4(a)(4), the time for appeal for all parties runs from the entry of the order disposing of the last such timely filed motion outstanding.

   *FRAP 4(a)(5) and FRAP 4(a)(6):* The district court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file a notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

   *FRAP 4(c):* "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or by a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

3. **Format of Notice of Appeal:** Form 1, FRAP Appendix of Forms, is a suitable format. See also FRAP 3(c).
   A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable..." (FRAP 3(b)]

4. **Effect of Notice of Appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (see Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4).